```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF SOUTH DAKOTA
                         SOUTHERN DIVISION
```

******************************************************************************

| | | |
|---|---|---|
| DOUGLAS HAAR, | * | CIV. 08-4123 |
| Plaintiff, | * | ORDER |
| -vs- | * | |
| ROBERT A. CALLAHAN, M.D., | * | |
| Defendant. | * | |

******************************************************************************

Pending is defendant Callahan's Motion to Quash subpoena (Doc. 22). Callahan attached to his motion Objections which were served upon plaintiff by Avera Sacred Heart Hospital and Yankton Medical Clinic after the plaintiff served the subpoenas upon them.

## BACKGROUND

Plaintiff Haar served subpoenas on non-parties Avera Sacred Heart Hospital and Yankton Medical Clinic. Non-party hospital objected to Haar's subpoenas pursuant to Fed.R.Civ.P. 45(c)(2)(B) and non-party clinic objected pursuant to the Americans With Disabilities, 42 U.S.C. § 12112(d)(3). Defendant Callahan moved to quash the subpoenas pursuant to Fed.R.Civ.P. 45(c)(2)(B)(i) because the subpoenas required the production of information which is privileged under SDCL 36-4-26.1.

## DISCUSSION

Ordinarily a party does not have standing to object to a subpoena served on a non-party, but a party does have standing to object to a subpoena served upon a non-party which requires the production of privileged information. *E.E.O.C. v. Danka Industries, Inc.*, 990 F.Supp. 1138, 1141

(E.D.Mo.1997). For additional cases to the same effect see the cases cited by Callahan on page three of his brief (Doc. 23). Not all privileged information is protected from disclosure, e.g. when plaintiff himself is asserting privilege to protect from discovery by the defendant information which the plaintiff put at issue by starting the lawsuit. *See Danka, supra*. In this case, however, the defendant is seeking to prevent plaintiff from discovering documents about defendant which are privileged under medical peer review statutes. SDCL 36-4-26.1, 36-4-42, and 36-4-43.

Under Fed.R.Civ.P. 45(c)(2)(B) and (B)(i) the party serving the subpoena (Haar in this case) may move for an order compelling compliance with the subpoena after the party upon whom the subpoena was served objects to the subpoena (the hospital and the clinic in this case). Haar has not filed a motion to compel.

Under Fed.R.Civ.P. 45(c)(3)(A)(iii) a subpoena which requires the production of privileged information must be quashed if no exception or waiver applies. It does not appear that an exception or a waiver is applicable. Haar has not responded to the Motion to Quash. The time for responding has expired.

## ORDER

It is ORDERED that defendant Callahan's Motion to Quash Subpoenas (Doc. 22) is GRANTED.

Dated this 19th day of May, 2009.

BY THE COURT:

s/John E. Simko
_____
John E. Simko
United States Magistrate Judge